**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

DANIEL M. SUNDBECK AND
LUCY SUNDBECK                                                                                          PLAINTIFFS

V.                                                                                              CAUSE NO. 1:10cv23

MILTON O. SUNDBECK, JR.                                                                         DEFENDANT

**ORDER**

Presently before the Court is Defendant's Motion to Strike Both Rebuttal in Support of Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs' Corrected Motion for Partial Summary Judgment [179]. After reviewing the motion and response, the Court grants in part and denies in part Defendant's motion.

In regards to Plaintiffs' Rebuttal in Support of Plaintiffs' Motion for Partial Summary Judgment, Defendant contends that this is an attempt to make a new record on the motion for partial summary judgment by attaching to such rebuttal previously undesignated documents and portions of depositions. On the other hand, the Plaintiffs' assert that all of the issues raised in the Plaintiffs' rebuttal were raised in their initial motion, except for the issues of whether the Plaintiffs ratified some of the Defendant's actions. Plaintiffs state that because the issue of ratification was raised in Defendant's response to the Plaintiffs' motion, that rebuttal concerning the ratification issues was appropriate.

In regards to Plaintiffs' Corrected Motion for Partial Summary Judgment, Defendant contends that Plaintiffs attempt to correct errors in its original motion by adding, without authority of Court, additional depositions and excerpts from Defendant's depositions.

Essentially, Defendant contends that the corrected motion makes substantive changes. In contrast, the Plaintiffs assert that the corrections made in the corrected motion merely supplied the Court with the correct citations to the pages in the Defendant's deposition which were quoted and referenced in the original motion. Plaintiffs declare that the corrections do not alter, or add to, the issues or materials originally presented to the Court. Additionally, Plaintiffs allege that the omissions from the original motion occurred "inadvertently . . . in the process of converting the unredacted version of the Memorandum to the redacted version which was filed with the Court."

While the Defendant is requesting that the Court strike Plaintiffs' rebuttal and corrected motion, the Court finds that such a measure is unnecessary.[1] Any additional and/or new evidence that the Defendant contends has been put into the record by such documents can be addressed by the Defendant in a surrebuttal brief. Thus, the Court grants in part and denies in part the Defendant's motion. The motion to strike is denied. However, the motion to alternatively file a surrebuttal brief is granted. The Defendant has seven (7) days from the date of this Order, or until September 19, 2011, to file a surrebuttal brief.

---

[1] In a footnote, the Defendant also asserts as follows: "The court recently entered an order requesting that plaintiffs' counsel clarify their intentions with respect to a second issue of indemnification which the motion failed to define with particularity. ECF 183. The court has been most generous in its accommodation of plaintiffs' counsel." Perhaps the Defendant misread, or misunderstands, the Court's previous Order. In an attempt to clarify, the Court has *not* requested that the Plaintiffs' clarify what claims they are moving for summary judgment on. In the Court's Order, the Court stated, "the Court declines to make arguments for the Plaintiffs that are not actually raised in the summary judgment motion." The Court's Order "requested" supplemental briefing on an issue the Court plans on addressing that neither party has addressed thus far. Again, to be clear, the Court did not request supplemental briefing on what claims the Plaintiffs are moving for summary judgment.

SO ORDERED on this, the __12th____ day of September, 2011.

/s/   Sharion Aycock

**UNITED STATES DISTRICT JUDGE**