IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANIEL M. SUNDBECK AND
LUCY SUNDBECK                                                                  PLAINTIFFS

V.                                                                      CAUSE NO. 1:10cv23

MILTON O. SUNDBECK, JR.                                                          DEFENDANT

### ORDER

Presently before the Court is Plaintiffs' Motion to Strike Paragraph 41 and Eleventh Defense of Answer and Defenses of Milton O. Sunbeck, Jr. To Amended Complaint as Amended [145]. After reviewing the motion and response, the Court grants in part and denies in part Plaintiffs' Motion.

***Motion to Strike Eleventh Defense***

The Court begins by discussing Plaintiffs' motion to strike Defendant's Eleventh Defense. However, before turning to the merits of the motion, the Court first provides some background information, in the form of a timeline, concerning Defendant's disputed Answer to Plaintiffs' Amendment to First Amended Complaint [132].

- February 4, 2010:      Original Complaint filed by Plaintiffs
- April 16, 2010:        Original Answer filed by Defendant
- May 7, 2010:           Amended Complaint filed by Plaintiffs
- June 11, 2010:         Amended Answer filed by Defendant
- April 18, 2011:        Motion For Leave to Amend Complaint filed by Plaintiffs
- May 18, 2011:          Court Grants Plaintiffs' fourteen days to file Motion to Amend Complaint

- May 23, 2011:          Discovery Deadline[1]

- May 25, 2011:          Amendment to First Amended Complaint filed by Plaintiffs

- June 13, 2011:         Answer to Amendment to First Amended Complaint filed by Defendants, raising a new defense (i.e., the eleventh defense) without asking leave of Court to file

Plaintiffs challenge Defendant's Eleventh Defense on two separate grounds: (1) that Defendant asserts his Eleventh Defense as an affirmative defense; yet, it was not raised in Defendant's first responsive pleading, and (2) that the defense is not relevant to the Plaintiffs' causes of action. The Court discusses each of Plaintiffs' arguments, as well as issues not raised by Plaintiffs, in turn.

A.     Federal Rule of Civil Procedure 15(a)

While Plaintiffs fail to challenge the Defendant's Amended Answer under Rule 15, the Court nonetheless addresses the issue. As can be seen from above, the Defendant did not file his amended answer until June 13, 2011 – i.e., nineteen (19) days after Plaintiffs filed their amended complaint. Rule 15(a)(3) establishes the deadline for responding to an amended complaint:

> Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or *within 14 days* after service of the amended pleading, whichever is later.[2]

FED. R. CIV. P. 15(a)(3) (emphasis added); see also, e.g., General Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368, 1376-77 (Fed. Cir. 2007) (noting that "the deadline for responding to an amended complaint is established separately under Rule 15, and that deadline is ten days); Kermode v. Univ. of Miss. Med. Ctr., 2011 WL 2619096, at *1 (S.D. Miss. July 1, 2011) ("Rule 15(a)(3) gives original defendants 14 days to answer amended complaints."); United States v.

---

[1] By Order [138] of the Court, the discovery deadline was partially extended until July 11, 2011.

[2] The old version of Rule 15(a)(3) allowed ten days to respond, as opposed to fourteen.

2

Cain's Barber College and Styling School Inc., 2011 WL 812088, at *2 (N.D. Ill. Mar. 1, 2011) ("Rule 15(a)(3) provided a deadline of fourteen days for Defendants to respond to the Second Amended Complaint."); United States ex rel. Benefit of L & A Contracting Co. v. Federal Insurance Co., 2009 WL 1690178, at *1 (S.D. Miss. June 17, 2009) ("Pursuant to Federal Rule of Civil Procedure 15(a), [defendant] had ten days after service of the Second Amended Complaint to file an amended answer. . . ."); Durrett v. Pauley, 558 F. Supp. 2d 718, 721 (E.D. Tex. 2007) (citing to Rule 15(a) and noting that a party has ten days to plead in response to an amended pleading).

While Defendant was free to amend his answer to respond to Plaintiffs' amended complaint without leave of Court during that fourteen-day period, Defendant failed to do so. Thus, Defendant's amended answer is untimely. Furthermore, even if Defendant had filed his amended answer within the time period prescribed by Rule 15(a)(3), most courts would still require leave of court to amend given that Defendant's newly added "affirmative defense" goes beyond responding to the "new" matters raised in the amended complaint. As Judge Bramlette noted in Federal Insurance Co.,

> Pursuant to Federal Rule of Civil Procedure 15(a), Byrd Brothers had ten days after service of the Second Amended Complaint to file an amended answer if it chose to do so. During the ten days, leave of court was not required unless the defendant sought "to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint." Seitz v. Envirotech Systems Worldwide Inc., 2007 WL 1795678, at *2 (S.D. Tex. June 19, 2007) (citing WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1484 at 591-92, n. 1).

2009 WL 1690178, at *1. In Seitz, the court discussed how, even if the defendant files an amended answer within the fourteen-day time period while leave of court is not technically required, "most courts [still] require leave to raise new allegations and defenses that go beyond responding to the new matters raised in the amended pleading." 2007 WL 1795678, at *2; see

also St. Paul Fire and Marine Ins. Co. v. Onvia, Inc., 2007 WL 1575955, at *1 (W.D. Wash. May 29, 2007) (citations omitted) (collecting cases); Synopsys, Inc. v. Magma Design Automation, Inc., 2007 WL 420184 (N. D. Cal. Feb.6, 2007); Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC, 464 F. Supp. 2d 481, 486 (D. Md. 2006); Elite Entertainment, Inc. v. Khela Brothers Entertainment, 227 F.R.D. 444, 446 (E.D. Va. 2005) ("[T]he moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint."); Uniroyal Chemical Co., Inc. v. Syngenta Crop Protection, Inc., 2005 WL 677806 (D. Conn. Mar. 23, 2005); St. Paul, 2007 WL 1575955, at *1 (an amended responsive pleading is appropriate "when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of changes in the amended complaint.").

Here, Plaintiffs' Amendment to the Amended Complaint did not add anything to the Plaintiffs' prior two complaints. The Plaintiffs merely deleted prior assertions. Thus, there was no new matter raised in the amended pleading that would require new matters to be raised in the amended answer and, as noted, most courts require leave of court before amending when the defenses go beyond responding to the materials in the amended complaint. Further, because there was no new material added, Defendant could have raised this alleged affirmative defense in either of his prior two answers. However, despite the fact that Defendant failed to ask leave of court both to file the amended answer after the fourteen-day period and to add a new so-called affirmative defense, the Court nevertheless declines to strike the amended answer for several reasons. First, if leave of court would have been requested, the Court would have granted such a

motion. That is, the Court would have at least granted the motion on Rule 15 grounds. As such, from a judicial efficiency standpoint, it makes no sense to strike the amended answer when, in theory, the Defendant could then just ask for leave of court to file, which would be, and would have been, granted. Second, the Plaintiffs entirely failed to challenge the amended answer on Rule 15(a)(3) "untimeliness" grounds. Third, and as discussed in much more detail below, the alleged affirmative defense is not even an actual affirmative defense. Rather, it appears to be just a factual argument and/or Defendant's theory of his case. Fourth, and again as discussed more below, Plaintiffs have not demonstrated that they are unfairly surprised or prejudiced by Defendant's factual argument in the Eleventh Defense. Accordingly, the Court declines to strike the amended answer under Rule 15.

B.    Rule 8(c)

Plaintiffs challenge Defendant's Eleventh Defense under Federal Rule of 8(c). Plaintiffs assert that, because Defendant considers this defense to be an affirmative defense, such a defense has been waived because the Defendant did not assert it in the first responsive pleading. In contrast, Defendant asserts that "[t]he only defenses that can be waived by failing to assert them in an initial responsive pleading are the defenses under Rule 12(b)(2)-(5)." According to Defendant, even though Defendant labels the defense as an "affirmative defense," he was not required to submit such a defense in his first responsive pleading. Such is not the case. As the Fifth Circuit has recognized, "[g]enerally, under Rule 8(c) affirmative defenses must be raised in the first responsive pleading." Pasco v. Knoblauch, 566 F.3d 572, 577 (5th Cir. 2009); see also Talbert v. Am. Risk Ins. Co., Inc., 405 F. App'x 848, 851 (5th Cir. 2010) (same); Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1096 (1st Cir. 1987) ("Ordinarily, an affirmative defense . . . must be asserted in the first responsive pleading or waived."); Colon v.

5

Goord, 115 F. App'x 469, 470 (2d Cir. 2004) ("Statute of limitations is an affirmative defense that is preserved by assertion in a party's first responsive pleading."); R.H. Cochran & Assocs. Inc., v. Sheet Metal Workers Intern. Ass'n Local Uniform No., 33, 335 F. App'x 516, 519 (6th Cir. 2009); Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005) (defenses not raised in party's first responsive pleading are generally deemed waived); United States v. Mitchell, 518 F.3d 740 (10th Cir. 2008) ("[A]ffirmative defenses must usually be pleaded by the party in the first responsive pleading. . . ."); Zuckerman Spaeder, LLP v. Auffenberg, 646 F.3d 919 (C.A.D.C. 2011) (same); 61A AM. JUR. 2D PLEADING § 322 (noting, in its discussion of affirmative defenses, that "a party, with limited exceptions, is required to raise every defense in its first responsive pleading and defenses not so raised are deemed waived.").

Despite the fact the Defendant did not raise this alleged "affirmative defense" in the first responsive pleading, "where the matter is raised by the trial court [or the litigants and] does not result in unfair surprise, technical failure to comply precisely with Rule 8(c) is not fatal, and in such a situation the court may hold that the defense is not waived." Talbert, 405 F. App'x at 851 (internal quotation marks and citations omitted). "An affirmative defense is not waived if it is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." Id. As the Fifth Circuit has noted,

> [U]nder Rule 8(c), we do not take a formalistic approach to determine whether an affirmative defense was waived. Rather, we look at the overall context of the litigation and have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial.

Pasco, 566 F.3d at 572 (reversing the district court's finding that defendant waived the affirmative defense of qualified immunity by failing to raise it until fifty-two months after the complaint was filed); see also Vanhoy v. United States, 514 F.3d 447, 450-51 (5th Cir. 2008) finding an affirmative defense not waived when it was raised in a motion in limine as well as in

6

the pretrial order); Lubke v. City of Arlington, 455 F.3d 489, 499 (5th Cir. 2006) (finding no waiver where a defense was raised in a pretrial motion in limine two years after the complaint was filed and just weeks before trial); Allianz Versicherungs, AG v. Profreight Brokers, Inc., 99 F. App'x 10, 12 (5th Cir. 2004) (unpublished) (finding no waiver because "[t]he fact that [the plaintiff] had three months to consider and prepare for the limitations defense . . . refutes [the] assertion that it was prejudicially surprised . . . ."). Giles v. Gen. Elec. Co., 245 F.3d 474, 492 (5th Cir. 2001) (finding no waiver where a new affirmative defense was raised in a joint pretrial order over a year after complaint was filed).

Here, for numerous reasons, the Court finds that Defendant has not waived its alleged "affirmative defense." While Defendant's amended motion was filed after the discovery deadline, the Plaintiffs' amendment to the amended complaint was also filed two days after the general discovery deadline. Likewise, the factual issues raised in Defendant's Eleventh Defense should come as no surprise[3] to the Plaintiffs, as these facts and this position articulated by Defendant has been littered throughout numerous motions and responses. Further, the defense was raised five months before trial and, since the defense is almost purely factual (as Plaintiffs recognize), Plaintiffs can challenge the facts raised in the defense on evidentiary grounds through a motion in limine or a timely-raised objection at trial. And, relatedly, Defendant's Eleventh Defense does not appear to even technically be an affirmative defense. Rule 8(c) provides a non-exhaustive list of affirmative defenses. FED. R. CIV. P. 8(c). The rule then also provides a residuary clause for what constitutes an affirmative defense: "and any other matter constituting an avoidance or affirmative defense." Id. "An affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim,

---

[3] This "affirmative defense" most certainly comes as no surprise to the Court.

7

even if all allegations in the complaint are true." 61A AM. JUR. 2D PLEADING § 300; see also Mullins v. TestAmerica, Inc., 564 F.3d 386, 411 (5th Cir. 2009); Sterten v. Option One Mortgage Corp., 546 F.3d 278, 284-85 (3d Cir. 2008); Saks v. Franklin Covey Co., 316 F.3d 337 (2d Cir. 2003); Wilkerson v. Stalder, 2010 WL 1293375, at *5 (M.D. La. Feb. 22, 2010) (noting that the concept of an affirmative defense is when even if all allegations in the complaint are true, there is "some legal reason [that the party] is nonetheless excused from liability"). The Defendant's Eleventh Defense in this case does not appear to qualify as an affirmative defense. Rather, it is a factual argument rebutting several of Plaintiffs' claims.[4] That is, the defense in essence is Defendant's theory on portions of the case. As Plaintiffs readily note, "Milton's 'Eleventh Defense' is mere factual argument and does not qualify as an affirmative defense.'" Given that Plaintiffs concede that the Eleventh Defense is not technically an affirmative one, there is no reason to conclude that the Defendant failed to raise this alleged "affirmative defense" in its first responsive pleading. Given this, the Court concludes that Defendant did not waive his Eleventh Defense, and Plaintiffs' motion is denied.

***Motion to Strike Paragraph 41***

Plaintiffs also request that the Court strike Paragraph 41 of Defendant's amended answer. In Paragraph 41, Defendant asserts as follows:

> It is noted that the purported amendment to First Amended Complaint purports to amend Paragraph 41 of the Amended Complaint without authority. In fact, plaintiffs moved the court for authority to amend Paragraph 42 of the Amended Complaint only and the defendant deems the unauthorized amended to Paragraph 41 as void and without effect.

On April 18, 2011, Plaintiffs filed a motion to amend [69] their complaint, specifically requesting

---

[4] The Court will take up Plaintiffs' relevancy arguments on evidentiary grounds when ruling on Plaintiffs' motions in limine.

8

> [L]eave from this Court to amend their Amended Complaint to delete the last sentence of Paragraph 42 and any other reference to any claims of, or damages for, emotional distress and/or physical injury.

The Court entered an order [102] granting this motion in its entirety. Thus, Plaintiffs had authority from the Court to delete any other references in their complaint which referenced claims of, or damages for, emotion distress and/or physical injury. Given this, Plaintiffs indeed had authority from the Court to delete the words "both . . . and non-economic" from the first sentence of Paragraph 41 and ", and engaged in a course of conduct which made Dan Sunbeck's continued employment by Southern Ionics effectively impossible" from the second sentence of Paragraph 41. Due to the liberal standards under Rule 15, the Court concludes that Plaintiffs had authority to amend Paragraph 41 and, for this reason, Plaintiffs' motion is granted as to this.

## CONCLUSION

For the reasons stated herein, the Court grants in part and denies in part Plaintiffs' motion. Defendant did not "waive" its Eleventh Defense, and Plaintiffs had authority to amend Paragraph 41.

SO ORDERED on this, the __30th____ day of September, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**